(86 South. 150)
PHELPS v. McLEOD.    (3 Div. 371.)

(Court of Appeals of Alabama.    June 8, 1920.)

1. HABEAS CORPUS ☞113(2)—COURT OF APPEALS HAD JURISDICTION OF APPEAL FROM EQUITY SIDE OF DOCKET.

The Court of Appeals had jurisdiction of an appeal in a habeas corpus proceeding, re-lating to the custody of children, from the equity side of the docket of the circuit court.

2. HABEAS CORPUS ☞99(3)—RIGHT OF PARENT TO CUSTODY OF CHILD MUST GIVE WAY TO PERMANENT GOOD OF CHILD.

While courts recognize the right of the father to the custody and control of his minor children, he being otherwise a fit and proper person, all the courts agree that the prime consideration in determining the question as between a father and other persons is the permanent good of the child.

3. HABEAS CORPUS ☞85(1)—AWARDING OF CUSTODY TO GRANDMOTHER, INSTEAD OF FATHER, SUSTAINED BY EVIDENCE.

In a habeas corpus proceeding between the father and maternal grandmother of a child, a decree, awarding custody to the grandmother, held not so contrary to the evidence as to justify setting it aside.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Habeas Corpus by Nicholas C. Phelps against Mrs. James McLeod for the custody of two boys, children of petitioner. From a decree denying the writ, petitioner appeals. Affirmed.

The evidence tended to, show that the mother of the children, who is dead, was the daughter of Mrs. McLeod, and that the families lived together from the time of the marriage until about a year after the death of the mother, when Mr. Phelps secured a position elsewhere and went away, leaving the children with the maternal grandmother. He has remarried, and now has a permanent position in Memphis, Tenn. Both parties to the proceedings seem to be people of good character, and it is contended by Phelps that he contributed always to the support of his children. It is contended, on the other hand, however, that he has practically done nothing towards their support, and that during the life of his wife even he contributed but little to the support and maintenance of his family.

Morris Loveman, of Birmingham, and Hill, Hill, Whiting & Thomas and R. T. Rives, all of Montgomery, for appellant.

The agreement of Phelps to give the custody of his children to Mrs. McLeod is against public policy and void. 203 Ala. 305, 82 South. 769; 4 Ala. App. 245, 58 South. 113; 99 Mo. 484, 12 S. W. 798, 6 L. R. A. 672. The court cannot escape responsibility by substituting the wishes of the child for its own judgment. 19, App. D. C. 311; 56 Miss. 408, 31 Am. Rep. 375; 20 Wash. 652, 56 Pac. 383. Under the evidence, the father was a suitable person, and entitled to the custody of his children. 68 Ala. 299; 139 Ala. 231, 35 South. 848; 150 Ala. 659, 43 South. 796; 36 Ala. 87; 197

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 458.

Ala. 246, 72 South. 437; 8 Ala. App. 476, 62 South. 1017; 80 South. 680.

Holloway & Hill, of Montgomery, for appellee.

The court saw the witnesses and the children and the parties, and heard each testify; hence this court will not disturb the decree. 199 Ala. 152, 74 South. 62; 200 Ala. 20, 75 South. 332; 201 Ala. 685, 79 South. 258. The clearly expressed wish of a child in cases like this is not disregarded, without very good grounds. 50 Ala. 304; 199 Ala. 606, 75 South. 10; 166 Ala. 351, 52 South. 310; 139 Ala. 234, 35 South. 848; 68 Ala. 300; 51 Ala. 210. The controlling consideration is the welfare of the child. 78 Fla. 227, 82 South. 770; 199 Ala. 606, 75 South. 10; 4 Ala. App. 240, 57 South. 1015; 31 Ala. 425; and authorities supra. In some jurisdictions the facts in this case would estop the father to claim his parental right. 50 W. Va. 244, 40 S. E. 371, 55 L. R. A. 896, 88 Am. St. Rep. 862; 164 Pa. 266, 30 Atl. 129, 27 L. R. A. 60; 44 Am. St. Rep. 598; 20 R. C. L. 604.

BRICKEN, P. J. Habeas corpus by appellant, the father, against appellee, the maternal grandmother, for the custody of two boy children aged, respectively, 11 and 3 years, the mother being dead.

[1] Coming, as this case does, from the equity side of the docket of the circuit court, counsel raise the question as to the jurisdiction of the Court of Appeals under the act creating this court to entertain the appeal. This question was submitted by counsel to the Supreme Court, and that court answered as follows:

"Per Curiam. This cause belongs in the Court of Appeals. Montgomery v. Hughes, 4 Ala. App. 245, 58 South. 113.

"All Justices concur."

Thus the jurisdiction is fixed in this court.

[2] While courts recognize the rights of the father to the custody and control of his minor children, he being otherwise a fit and proper person. all the courts agree that the prime consideration in determining the question is the permanent good of the child. In other words, the courts do not stand upon the naked legal right of the parent, but look to the ultimate good of the minor.

[3] We have in the instant case carefully considered the evidence, and without attempting to set it out, which would serve no good purpose, we have reached the conclusion not to disturb the finding of the trial court. This court is not convinced that the decree, which is merely a temporary award of the custody of the children to the grandmother, is so contrary to the evidence as to justify us in setting aside the judgment of the trial court,

who saw the witnesses, heard them testify, and saw both parties and the children in question.

The cause is affirmed.

Affirmed.