182 So. 480

## CROSS v. WILLIS.

### 4 Div. 422.

Court of Appeals of Alabama.

June 30, 1938.

Roy L. Smith, of Phenix City, for appellant.

J. B. Hicks, of Phenix City, for appellee.

BRICKEN, Presiding Judge.

It appears from the "Certificate of Appeal" filed in this proceeding, in this court, on March 24, 1938, that this is a habeas corpus proceeding for the custody of a minor child, and that the cause was tried and determined below on the 17th day of March 1938, and a decree rendered in favor of petitioner awarding the minor child to him. Further, that respondent took an appeal from said decree, or judgment, on the 23rd day of March 1938, to this court.

■ This court is vested with jurisdiction in causes of this character. Montgomery v. Hughes et al., 4 Ala.App. 245, 58 So. 113; Phelps v. McLeod, 17 Ala.App. 480, 86 So. 150.

■ The requirements and provisions of Section 3238 of the Code 1923, as amended by Acts of Alabama Extra Session 1936, p. 81, not having been complied with, the appellee, on May 17, 1938, filed in this court a motion to dismiss this appeal, said motion being in words and figures as follows:

"In the Court of Appeals of the State of Alabama

"W. H. Willis, Appellant, v. J. C. Cross, Appellee

"Habeas Corpus

"Appeal from the Circuit Court of Russell County, Alabama, in Equity, Northern Division; Judge J. S. Williams, Judge.

"To the Hon. Charles R. Bricken, Presiding Judge:

"Comes now J. C. Cross, appellee, and by his attorney of record, J. B. Hicks, and files this his motion to dismiss said appeal and for grounds says:

"That on the 21st day of March, 1938 a decree was rendered in favor of the appellee against the appellant by the Hon. J. S. Williams, Judge, and that an appeal was taken therefrom.

"That whereas, the said appellant has failed within thirty days from the date of said judgment and the Clerk or Register of the Circuit Court of Russell County, Alabama from which said appeal is taken has failed to within thirty days from the date of said judgment to forward a transcript of the record and a certificate of appeal to the Court of Appeals, together with a statement of the evidence and the Judge's ruling thereon, certified to be correct by the Judge or officer hearing the petition, as provided by the Acts of 1936, page 81.

"Further, that notice of the filing of this motion was given to the Hon. Roy L. Smith, attorney of record for the Appellant, together with a copy of this motion more than one day before the 26th day of May, 1938. A copy of said notice is hereto attached and marked Exhibit 'A.'

"Wherefore the premises considered the petitioner prays that said cause be dismissed on the grounds herein stated.

"J. B. Hicks
"Solicitor for Appellee."

The facts upon which the foregoing motion is predicated appear ample in every way, and are not refuted. The motion to dismiss this appeal is therefore granted and the appeal is dismissed.

■ The attorney for appellant has filed a purported motion in this proceeding, but were we authorized to consider said motion, which we are not, Sup. Ct. Rule 36, we should hold it not well taken. The appeal, supra, was taken at the instance of appellant and from the certificate of appeal the parties to this proceeding are properly designated. But if this were not true, and if this court were vested with authority to consider same, it would of necessity be denied. The counsel for appellant could not have been mislead by the notice served upon him; and further under the provisions of Section 1 of the Code 1923; and also the cases Teague v. State, 144 Ala. 42,

40 So. 312, and Ward v. Torian, 216 Ala. 288, 112 So. 815, the designation "Mrs." is no part of the name of appellant, it being descriptive only, under authority of cases, supra.

Motion granted.

Appeal dismissed.