15 So.2d 500

## SUMMERS v. STATE.
### 3 Div. 858.

Court of Appeals of Alabama.
June 22, 1943.

Rehearing Denied Aug. 10, 1943.

Wm. N. McQueen, Acting Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

Wm. C. Rayburn, of Guntersville, for appellant.

SIMPSON, Judge.

This appellant, after having served the minimum term of an indeterminate sentence of imprisonment in the State penitentiary, sought a writ of habeas corpus before Honorable Walter B. Jones, as Presiding Judge of the Fifteenth Judicial Circuit of Alabama.

Upon due hearing, the writ was discharged and petitioner (appellant here) was remanded to custody of the convict authorities. The instant appeal is from this adverse order denying release from imprisonment.

The gravamen of appellant's petition was, and his contention here is, that he has served his full sentence, has heretofore been granted his full freedom, and that he is now being illegally held and restrained of his liberty. The record, however, fails to sustain such a contention.

On October 4, 1938, appellant was convicted of grand larceny and was duly sentenced to imprisonment in the penitentiary for "an indeterminate period of not less than two years and not more than ten years, two years being the minimum term and ten years being the maximum" (Rec., p. 8). At that date, this indeterminate sentence was proper, and authorized under the provisions of Section 5268, Code of 1923.

Later, Act No. 279, p. 438, of the General Acts, 1939, repealed the indeterminate sentence law, but this did not affect appellant-convict or the sentence imposed upon him, for his offense was committed prior to the effectiveness of said repealing act. This, by the express provision of Section 2 of said Act No. 279, which stipulates: "That this act shall not be operative upon offenses committed prior to the effective date hereof." See, also, Parish v. State, 30 Ala.App. 442, 7 So.2d 893, certiorari denied 242 Ala. 652, 7 So.2d 894.

 After the final affirmance of his said conviction, appellant surrendered himself to the penitentiary authorities June 19, 1939, on which date his sentence commenced. He has, as stated, served his minimum (two year) sentence, but has not been pardoned of such offense, nor has he yet served the full, maximum term of ten years imposed upon him. This being his status, he still is—and must continue to be, pending such condition—a subject of the convict authorities and amenable to the laws regulating such convicts.

 True, after having served the minimum two year term, the present State Board of Pardons and Paroles granted him a parole on June 19, 1941. This the board had authority to do. Code 1940, Title 42, Section 7. But this, in no way, affected his status as a convict.

 Such surcease from incarceration was not a complete release—full liberty—but was merely conditional, until the expiration of his full, maximum sentence (unless sooner pardoned). Said Section 7, which specifies the terms and conditions under which his release shall be accomplished, specifically concludes that such paroled convict shall "remain while thus on parole in the legal custody of the warden of the prison from which he is paroled, until the expiration of the maximum term specified in his sentence, or until he is fully pardoned in the manner hereinafter provided."

Then, there is Section 13, of said Title, which stipulates that: "No person released on parole shall be discharged from parole prior to the expiration of the full maximum term for which he was sentenced unless he is sooner fully pardoned," etc.

 Appellant's parole was duly revoked by the Board of Pardons and Paroles on January 20, 1942. This was its prerogative. Code 1940, Title 42, Section 10. Indeed, it was its exclusive prerogative.

. The law is settled that a parole is not a right, but is a mere privilege, and the State Board of Pardons and Paroles has "complete jurisdiction and authority over all parolees, until the maximum sentence shall have been served (or unless sooner pardoned)," Pinkerton v. State, 29 Ala.App. 472, 475, 198 So. 157, 159, certiorari denied 240 Ala. 123, 198 So. 162, and this privilege (parole) the said board had the unquestioned right to take from a convict "at its uncontrolled discretion—for reasons satisfactory to it, or for no reasons at all." State ex rel. McQueen v. Horton, ante, p. —, 14 So.2d 557.

 The position is also untenable that, because appellant's conviction and sentence antedated the act inaugurating the present parole system, the said board (operating under said act) has no jurisdiction over appellant. The State Board of Pardons and Paroles has the same exclusive authority over convicts of appellant's class as over those whose convictions and sentences shall have occurred subsequent to the effectiveness of said act. Pinkerton case, supra.

 The contention that the convict department had no authority to reincarcerate the appellant when he was retaken into custody, because of a then outstanding habeas corpus proceeding, is, likewise, not sustainable.

 The unauthenticated papers appearing in the record—which, by the way, are not self-proving nor sufficient to substantiate the proposition insisted upon—disclose that said purported habeas corpus proceeding was transacted in November, 1941. No judgment or order ruling upon the petition appears, but a copy of a purported bond appearing in the record indicates that an appeal was at that time (November, 1941) taken to this court from an order denying the same. That appeal was never perfected. No transcript of the proceedings of that court was ever filed here, as is required by the statute.

 So, were we to sanction as authentic the said papers purporting an appeal in a previous habeas corpus proceeding, it affirmatively appears that that appeal was abandoned. Upon appeal in habeas corpus, the transcript of the record and certificate of appeal must be forwarded to the clerk of the appellate court to which said appeal is taken within thirty days from the

date of judgment, otherwise the higher court will not review the same. This requirement is mandatory. Code 1940, Title 15, Section 369; Glenn v. Glenn, 21 Ala. App. 148, 106 So. 226; Cross v. Willis, 28 Ala.App. 271, 182 So. 480; Hurd v. Troy, 170 Ala. 113, 54 So. 495.

We have tendered careful consideration to the argument of learned counsel and must and do conclude that the remandment of appellant to custody was proper and as required by law. The order is therefore sustained.

Affirmed.