26 So.2d 418

### DOWNS v. NORRIS.
8 Div. 521.

Court of Appeals of Alabama.
April 2, 1946.

Rehearing Denied June 4, 1946.

W. C. Rayburn, of Guntersville, for appellant.

Claud D. Scruggs, of Guntersville, for appellee.

HARWOOD, Judge.

This is an appeal from a judgment of the Probate Court of Marshall County entered in a habeas corpus proceeding instituted by appellant seeking to gain the custody of his three minor children. Appellee is the maternal grandfather of the children and has had their custody since 1943.

Upon hearing the lower court continued the custody of the children in the grandfather, and judgment to this effect was entered on July 2, 1945.

On July 3, 1945, appellant, petitioner below, gave notice of appeal. The record shows that security for costs was not taken and approved until March 12, 1946, and the transcript of the record was not filed in this court until March 18, 1946.

On January 24, 1946, appellee filed a motion to dismiss this appeal on the grounds that no appeal bond or security for costs was filed until more than six months after notice of appeal, and because no transcript of the record and certificate of appeal was forwarded to this court within thirty days.

The cause was submitted in this court on March 21, 1946, on the motion to dismiss and also on the merits.

In habeas corpus proceedings, where the party or parties restrained are not being held under criminal charges, the proceedings are civil in nature and the party appealing is required to give security for costs. Stewart v. Paul, 141 Ala. 516, 37 So. 691.

An appeal in habeas corpus proceedings must be taken within six months from the rendition of the judgment. Section 788, Title 7, Code of Alabama 1940. And the appeal is perfected only when security for costs is proffered and approved by the proper court official. Section 782, Title 7, Code of Alabama, 1940; Journequin v. Land, 235 Ala. 29, 177 So. 132, and cases therein cited.

It is patent from the record that the security for costs was not approved until more than six (over seven in fact) months after the judgment rendered by the trial court. This appeal was therefore not perfected within the time required by the statutes governing same, and this of itself furnishes ample grounds for granting appellee's motion to dismiss this appeal.

Appellee's second ground to dismiss the appeal because no transcript of the record was forwarded to this court

within the designated time is also well taken.

Section 369 of Title 15, Code of Alabama 1940, governing appeals in habeas corpus proceedings provides: " * * * the clerk of the court from which such appeal is taken shall, within thirty days from the date of such judgment, forward a transcript of the record and certificate of appeal to the supreme court or court of appeals, together with a statement of the evidence and the judge's ruling thereon, all certified to be correct by the judge or officer hearing the petition."

This record was not filed in this court until March 18, 1946, the judgment having theretofore been rendered on July 2, 1945. The record was certified by the trial judge on March 12, 1946. No reason or excuse for the delay in forwarding the transcript is shown. This failure to forward the record to this court within the required time furnishes an additional and compelling reason for dismissing this appeal. Owen v. Echols, 28 Ala. 689; Cowles v. Frear, 43 Ala. 642; Sears v. Kirksey, 81 Ala. 98, 2 So. 90; Cross v. Willis, 28 Ala.App. 271, 182 So. 480.

Appeal dismissed.