28 So.2d 172

## STATE v. WHITLOCK.

### 3 Div. 879.

Court of Appeals of Alabama.
Nov. 26, 1946.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes and Jas T. Hardin, Asst. Attys. Gen., for appellant.

B. E. Jones, of Evergreen, for appellee.

BRICKEN, Presiding Judge.

This appeal by the State was taken and perfected under the provisions of Title 15, Section 369, Code 1940. Said section deals solely with appeals in habeas corpus cases.

In the instant proceedings it appears that the essential provisions of the Statute, supra, have been substantially complied with.

Petitioner appellee filed a petition for habeas corpus before the Probate Judge of Conecuh County. At the hearing, the sheriff's return showed that he was held by virtue of a warrant of the Governor of Alabama upon request of the Governor of North Carolina, in that petitioner was charged in North Carolina with the offense of failure to support two minor children. The warrant was dated February 11, 1946.

The submission of this appeal in this court was upon "motion and merits."

The appellee filed a motion to dismiss the appeal on four grounds which are substantially as follows:

1. Appellee has received no notice of appeal as provided by Title 7, Section 801, Code of Alabama 1940.

2. No statement of evidence and the judge's ruling thereon certified to be correct by the judge of probate has been filed within thirty days from the date of the judgment.

3. No statement of the evidence certified by the probate judge has been filed within thirty days.

4. No statement of the judge's rulings on the evidence certified by the judge of probate has been filed within thirty days.

As stated hereinabove, all appeals in habeas corpus cases must be made in compliance with the provisions of Title

562

15, Sec. 369, Code 1940. As further stated above the essential provisions of said Statute have been substantially complied with in this case. Said Statute does not provide or require that citation of appeal shall be given. This appeal was not taken under Title 7, Section 801. It follows that ground 1 of above motion is not well taken. Strict rules of pleading are not applied in habeas corpus proceedings. Payne v. Graham, 20 Ala.App. 439, 102 So. 729. A substantial compliance with Statute is all that is necessary. State v. Thurman, 17 Ala.App. 656, 88 So. 61.

The remaining grounds 2, 3 and 4, are likewise without merit, said grounds of the motion are not sustained by the record, as it affirmatively appears that a sufficient authentication or certification of the correctness of the evidence and proceedings before the Probate Judge is shown by the record.

The warrant of arrest issued by the Governor of this State, and upon which petitioner was being held in custody, charged petitioner with the crime of abandonment and non-support of two minor children in the State of North Carolina and that said James Ralph Whitlock has fled from justice in said State and taken refuge in the State of Alabama. In other words he, petitioner, was charged with being a fugitive from justice.

A fugitive from justice is a person who commits a crime within the State and withdraws therefrom without waiting to abide the consequences thereof. In other words, "One who having committed, or being accused of crime in one jurisdiction flees to avoid punishment." Black's Law Dictionary defines, "A fugitive from justice as: A person who, having committed a crime, flees from the State or country where it transpired, in order to evade arrest and escape justice."

Upon the hearing below before the Probate Judge a prima facie case was made out. But the recitals of the Governor's warrant that the accused is a fugitive from justice are not conclusive evidence of the fact for it is competent and allowable for the prisoner to show on habeas corpus, by parol evidence, that he is not in fact a fugitive from the demanding State, and it is error to exclude evidence tending to show that the prisoner is not in fact a fugitive. Mohr's case, 73 Ala. 503, 48 Am.Rep. 63; Godwin v. State, 16 Ala.App. 397, 78 So. 313; Pool v. State, 16 Ala.App. 410, 78 So. 407.

The facts adduced on this question before the Probate Judge were without dispute or conflict. It tended to show that the prisoner had not been in the demanding State for a long number of years prior to the alleged commission of the offense charged, a misdemeanor. The Probate Judge so held and we think properly so. The petitioner was by proper order of the Probate Judge discharged from custody. It is axiomatic that the appellate courts in reviewing the findings of the Probate Judge, will not disturb such finding unless it appears contrary to the great weight or preponderance of the evidence.

The order of the Probate Judge in discharging and releasing the prisoner from further custody in this proceeding is in all things affirmed.

Affirmed.