33 So.2d 743

## CALLAHAN v. STATE.

### 6 Div. 592.

Court of Appeals of Alabama.

Feb 3, 1948.

M. B. Grace, of Birmingham and Geo. D. Finley, of Tarrant City, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

The provisions of Title 15, Sec. 369, Code 1940, not having been followed, the Attorney General has filed a motion to dismiss this appeal. The said motion (omitting formal parts) is:

"Comes the State of Alabama, by and through its Attorney General, A. A. Carmichael, and moves this Honorable Court to dismiss the above styled cause, and states as grounds for said dismissal the following, separately and severally:

"1. For that it affirmatively appears from the transcript of the record in the above styled cause that said case is an appeal in a habeas corpus case, wherein the petitioner was denied discharge on habeas corpus on November 19, 1947, and further that said transcript of the record was not filed in the Court of Appeals until December 24, 1947, more than thirty days from the date of the judgment in the lower court.

"2. For that it affirmatively appears that the proceedings in said record are not certified to be correct by the judge or officer hearing the petition.

"3. For that said record was not filed and certified in the appellate court at the time and in the manner required by Title 15, Section 369, Code of Alabama 1940."

The record here sustains the verity of the facts upon which the motion is predicated.

The authorities support the insistence of the Attorney General. Title 15, Sec. 369, supra; Cross v. Willis, 28 Ala.App. 271, 182 So. 480; Summers v. State, 31 Ala. App. 264, 15 So.2d 500; Downs v. Norris, 32 Ala.App. 381, 26 So. 2d 418.

It follows that the appeal must be dismissed. It is so ordered.

Appeal dismissed.