37 So.2d 245

## THOMAS v. STATE.
### 6 Div. 714.

Court of Appeals of Alabama.

Oct. 19, 1948.

Parsons, Wheeler & Rose, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

CARR, Judge.

Certain provisions of Title 15, Sec. 369, Code 1940 not having been followed, the Attorney General has filed a motion to dismiss this appeal. The said motion is:

"Comes the State of Alabama and moves to dismiss the above styled cause, and as grounds therefor states the following, separately and severally:

"1. For that the transcript filed in this appeal on September 1, 1948, does not bear the certificate of the trial judge that said transcript is a true and correct copy of the proceedings below.

"2. For that said transcript is not certified in accordance with Title 15, Section 369, Code of Alabama 1940."

The record before us sustains the verity of the claim upon which the motion is predicated.

The Section, supra, in pertinent part provides: "No bill of exceptions or assignments of error shall be necessary or required, but the clerk of the court from which such appeal is taken shall, within thirty days from the date of such judgment, forward a transcript of the record and certificate of appeal to the supreme court or court of appeals, together with a statement of the evidence ⹁and the judge's ruling thereon, *all certified to be correct by the judge or officer hearing the petition*". (Emphasis ours.)

This court has consistently held that the provisions indicated are mandatory.

In the recent case of Callahan v. State, 33 Ala.App. 362, 33 So.2d 743, the clerk of the court below failed to forward a transcript of the record and certificate of appeal to this court within the required thirty days; nor were the proceedings in the nisi prius court certified to be correct by the judge hearing the petition. On these accounts we dismissed the appeal. See also, Kitonis v. State, Ala.App., 34 So.2d 870; Cross v. Willis, 28 Ala.App. 271, 182 So. 480; Downs v. Norris, 32 Ala.App. 381, 26 So.2d 418; Summers v. State, 31 Ala.App. 264, 15 So.2d 500.

In the case of Grissett v. City of Birmingham, 27 Ala.App. 555, 176 So. 317, we held that an agreed statement of facts, without certification by the trial judge, did not meet the requirements of the statute.

In State v. Whitlock, 32 Ala.App. 560, 28 So.2d 172, 173, we denied a motion to dismiss the appeal on an insisted ground that "No statement of evidence and the judge's ruling thereon certified to be cor-

162

rect by the judge of probate has been filed within thirty days from the date of the judgment." We observed that the ground of the motion was not sustained by the record as there appeared a sufficient certification of the correctness of the evidence and proceedings before the lower court. A reexamination of this original record discloses that in the particular of instant concern the mandate of the statute was strictly and fully followed.

This authority cannot be taken to evince a relaxation or departure from our consistent view that the provisions of the statute in question are mandatory. On the contrary we reaffirmed: " * * * all appeals in habeas corpus cases must be made in compliance with the provisions of Title 15, Sec. 369, Code 1940."

It follows as an inescapable conclusion that the position of the State is well taken and the appeal must be dismissed. It is so ordered.

Appeal dismissed.