122 So.2d 551

**Earl PHILLIPS**

v.

**STATE.**

**3 Div. 52.**

Court of Appeals of Alabama.

Aug. 16, 1960.

Earl Phillips, pro se.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This is an attempted appeal from an order of the Hon. Eugene W. Carter, Judge of the 15th Judicial Circuit, dismissing on motion of the State appellant's petition for writ of habeas corpus, and also denying such writ.

For convenience this appellant will hereinafter be referred to as the petitioner.

In his sworn petition filed in the habeas corpus proceedings it is set forth:

"Petitioner was involuntarily deprived of his liberty by the virtue of a conviction had in the 10th Judicial Circuit Court of Alabama and sentenced to thirty-six (36) years (two (2) 18 year sentences for the crime of Robbery), and while serving said sentence petitioner did escape over the wall from Kilby Prison and subsequent to this escape he was accused of robbing several persons of their automobiles for the purpose of implementing his get away from the vicinity of the prison. This occurred during April, 1959. Petitioner was apprehended by police authorities approximately twelve (12) hours after going over the wall of Kilby Prison, and returned to the prison and confined in punitive solitary (on

bread and water) for approximately twenty-one (21) days. During this period or shortly thereafter petitioner was indicted by the Montgomery County Grand Jury on three (3) charges of Robbery as a result of the three automobiles he allegedly took in the course of the escape. On May 18th, 1959, this petitioner was brought before this Honorable Court for arraignment on the three Robbery indictments, No. 9087, 9088, 9089 * * *."

The petition further alleges that the court below refused the petitioner's motion to appoint three specialist practitioners in mental and nervous diseases to examine the petitioner, as prescribed by Sec. 425, Tit. 15, Code of Alabama 1940.

The petition further alleges that the petitioner was placed on trial in the Circuit Court of Montgomery County under the robbery indictments upon his pleas of not guilty and not guilty by reason of insanity; that during the course of the trial on the merits the petitioner "realizing he was actually without adequate counsel or representation," withdrew his plea of not guilty and pled guilty and was sentenced to thirty-five years in the three robbery cases. It is in connection with the judgments and sentences entered in the later robbery cases that the petitioner filed this habeas corpus proceeding.

In the habeas corpus proceedings the State filed a motion to strike the petition for the writ, and the Hon. Eugene W. Carter, Judge of the Montgomery County Circuit Court, granted the motion to strike and dismiss the petition, and also denied the writ.

This appeal is from that order, which was entered on 16 March 1960.

The appellant here on 11 April 1960, filed a notice of appeal from this order and judgment some twenty-six days after the entry of the judgment. This notice of appeal was not received by the clerk of the Circuit Court until 13 April 1960, the twenty-eighth day after the entry of the judgment. The transcript of the record was filed in this court on 2 May 1960.

The State has filed a motion to strike the record filed in this Court and dismiss this appeal on the ground, among others, that the record was not filed in this Court within the time required by law.

■ Tit. 15, Sec. 369, Code of Alabama 1940, as amended, provides for appeals in habeas corpus cases. The statute requires that the transcript of record be filed in the appellate court within thirty days after judgment. The provisions of this statute are mandatory and noncompliance therewith warrants a dismissal of the appeal. State v. Patton, 36 Ala.App. 539, 60 So.2d 383; Thomas v. State, 34 Ala.App. 160, 37 So.2d 245; Hughes v. State, 34 Ala.App. 657, 43 So.2d 321; Callahan v. State, 33 Ala.App. 362, 33 So.2d 743; Downs v. Norris, 32 Ala.App. 381, 26 So.2d 418; Cross v. Willis, 28 Ala.App. 271, 182 So. 480.

■ From the record it appears that the provisions of the statute have not been complied with, and the delay must be attributed to the appellant. This case is therefore not within the influence of Thomas v. State, Ala.App., 122 So.2d 535.[1] The State's motion to strike its record and dismiss the appeal is well taken and is hereby granted.

This appellant, as aforestated, is a convict now confined in the State penitentiary. He represented himself in the proceedings in habeas corpus in the court below, and in attempting to perfect his appeal with this court. In view of this we have examined this record despite our conclusion that the State's motion to dismiss this appeal should be granted.

1. Ante, p. 697.

As we interpret the petition it is upon two grounds: (1) That the petitioner was deprived of equal protection of the law, and due process of law, because of an alleged inadequacy of court appointed counsel, and (2) Petitioner was also denied due process of law because of the court's refusal to grant his "motion and request for a declaratory judgment," in which the appellant sought the appointment of a lunacy commission under Sec. 425, Tit. 15, Code of Alabama 1940.

The petition shows that counsel was appointed for the appellant in his robbery trial.

In his petition for habeas corpus this appellant states, "There are a series of circumstances from the time of petitioner's arraignment through his trial on the merits, the cumulative effect of which will substantiate petitioner's claim that he was deprived of adequate representation."

In Cooper v. Warden of Maryland House of Correction, 214 Md. 629, 136 A.2d 367, 368, the Court of Appeals of Maryland said:

"This Court has held repeatedly that the alleged incompetence of counsel, in the absence of any showing of fraud, bad faith or collusion between defense counsel and the prosecution is not a sufficient ground for the issuance of a writ of *habeas corpus.*"

In Beard v. Alvis, 164 Ohio St. 488, 132 N.E.2d 96, the Ohio Court held that the claim of denial of due process because of ineffective and inadequate representation by court appointed counsel was not an allegation of fact entitling one to release on habeas corpus.

Without intimation of merit attaching to the two grounds above asserted, we pretermit consideration of them, since in any event another fundamental reason would necessitate an affirmance of the judgment, even if this appeal be considered upon its merits.

■ The petitioner asserted that at the time of his escape from Kilby Prison he was confined in said prison under two 18 year sentences totaling 36 years. The validity of the judgment imposing these two 18 year sentences is nowise questioned, Under the general rules of pleading we must presume in the absence of a showing otherwise that there is yet a substantial portion of these prior sentences to be served.

■ The writ of habeas corpus is a high prerogative writ of ancient origin designed to obtain immediate relief and release from unlawful imprisonment. Where a petitioner for the writ is held under another unsatisfied sentence the petition will be dismissed, for the issue of a writ of habeas corpus and hearing thereon would be a futile and fruitless act because, by virtue of the prior unsatisfied sentence, the petitioner cannot be considered unlawfully detained and could not rightfully be enlarged. Grissett v. City of Birmingham, 28 Ala.App. 138, 181 So. 302; Ex parte Miller, 129 Wash. 538, 225 P. 429; Ex parte Jarrett, 46 Okl.Cr. 291, 287 P. 726; Ex parte Russell, 52 Okl.Cr. 136, 3 P.2d 248; In re Boardman, 169 U.S. 39, 18 S.Ct. 291, 42 L.Ed. 653; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

It is apparent therefore that even had this appeal been considered upon its merits the judgment below would of necessity have been affirmed.

Record stricken; appeal dismissed.