195 So.2d 796

**Jon B. MULLER**

v.

**Ray D. BRIDGES, Sheriff.**

**1 Div. 415.**

Supreme Court of Alabama.

Feb. 23, 1967.

See also 280 Ala. 169, 190 So.2d 722.

Thos. M. Haas, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for appellee.

GOODWYN, Justice.

Appeal from a judgment granting the State's motion to dismiss or strike appellant's petition for writ of habeas corpus. This purported judgment was rendered on November 3, 1966. On the same day, appellant gave notice of appeal.

The transcript of the record was filed here on December 12, 1966, more than thirty days from the date of the judgment purportedly appealed from. The State has moved to strike the transcript of the record and to dismiss the appeal on the ground that the transcript of the record was not timely filed in the Supreme Court. The motion is well-taken.

Code 1940, Tit. 15, § 369, as amended by Act No. 60, appvd. June 21, 1955, Acts 1955, Vol. I, p. 294, provides that a transcript of the record in this type habeas corpus case (seeking release on bail), must be filed in the Supreme Court or Court of Appeals within thirty days from the date of the judgment appealed from. It has been held that this provision is mandatory and that a transcript of the record not filed within the prescribed thirty days must be stricken and the appeal dismissed. See: Glisson v. State, Ala.App., 192 So.2d 476; Shuttlesworth v. State, 42 Ala.App. 34, 38, 151 So.2d 734, cert. den. 275 Ala. 698, 151 So.2d 738; Day v. State, 41 Ala.App. 439, 440, 134 So.2d 433; Phillips v. State, 40 Ala.App. 698, 700, 122 So.2d 551; State v. Patton, 36 Ala.App. 539, 60 So.2d 383. In McTyre v. State, 258 Ala. 637, 64 So.2d 601, the appeal was from an order denying appellant bail in a habeas corpus proceeding. The State moved to dismiss the appeal because the transcript did not contain a statement of the evidence and the judge's ruling thereon, certified correct by the judge or officer hearing the petition. This was required by § 369, as it then stood amended by Act No. 50, appvd. June 10, 1949, Gen. and Loc. Acts 1949, p. 75, and has continued as a part of § 369 under the 1955 amendment, supra. It was held that these requirements were mandatory and called for dismissal of the appeal. There was a similar holding in Robertson v. State, 263 Ala. 309, 82 So.2d 403. We perceive no reason why the same holding should not also apply to the time prescribed by § 369, as amended by Act No. 60, appvd. June 21, 1955, supra, for filing the transcript of the record in the Supreme Court or Court of Appeals.

The State's motion to strike the transcript of the record and dismiss the appeal is granted.

Transcript of record stricken.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.