308 So.2d 740

**Noah Earle TOLBERT**

v.

**STATE.**

**6 Div. 818.**

Court of Criminal Appeals of Alabama.

Feb. 4, 1975.

Denaburg, Schoel, Meyerson & Ogle and Benjamin Daniel, Birmingham, for appellant.

### II.

William J. Baxley, Atty. Gen., and Donald G. Valeska, II, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Arkansas.

The Governor of Alabama issued an order for appellant's arrest in response to a requisition by the Governor of Arkansas. Noah Earle Tolbert, an Alabama resident, was charged in Arkansas with the offense of "overchecking". Appellant filed a writ of habeas corpus and at the hearing, the State offered in evidence the Arkansas requisition with supporting papers and the warrant of the Governor of Alabama.

Testimony indicated that appellant wrote a check for $1,542.90, to Anderson-Carpenter, Inc. an Arkansas corporation, on the account of Eggs, Inc., of Oneonta, Alabama. Appellant stated she had never been in Arkansas and delivery to the payee was made by a driver.

I

. Appellant contends she is not and never has been a fugitive from the State of Ar-

kansas. Historically, to be a fugitive from justice, one had to be in the state where the. crime was committed at the time of commission. In Re Mohr, 73 Ala. 503 (1883); State v. Whitlock, 32 Ala.App. 560, 28 So.2d 172. Appellant's contention that she was never in Arkansas is not disputed by the State, but on the contrary was conceded by the District Attorney in these remarks to the court:

"In strict conformity with the words fugitive, I think we would have to take it .as face value that Mrs. Tolbert was not in the State of Arkansas at the time.

. . . I say that you probably couldn't say that she was actually in the State of Arkansas at the time, but now is this going to be a back doorway of getting around the extradition proceeding, because the word fugitive is to be strictly construed."

The State contends, however, that her extradition is proper under Title 15, § 53, Code of Alabama, 1940, which reads as follows:

"The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged on *indictment* found in such other state ˙with committing an act in this state intentionally resulting in a crime in such other state; and the provisions of this article not otherwise inconsistent shall apply in such cases, notwithstanding that the accused was not in that state at the time of the commission of the crime, and has not fled therefrom." (Emphasis ours)

Although the accused was not present in Arkansas at the time the crime was allegedly committed in that state under the above statute, her presence there is not required.

II

The Arkansas requisition was supported by an information and affidavit.

Under Title 15, § 53, supra, we hold that a charge on information and affidavit is insufficient. The executive authority of Alabama was unauthorized to honor the rendition request because the charge was not founded on an *indictment* in the State of Arkansas.

The order of the lower court is reversed and appellant ordered discharged.

Reversed and rendered.

All the Judges concur.