PER CURIAM.
Alice I. McCrary died in Mobile County on September 16, 1976. On March 11, 1977, *954 Cecelia T. Rini filed a petition for letters of administration wherein she alleged in substance that she was the sole heir at law and next of kin of Alice I. McCrary. She asked the probate court to grant letters of administration on the estate to Michael F. Scheuermann, which the court did on March 21, 1977.
On April 1, 1977, Herbert Elsworth filed a motion to stay the administration in the probate court, alleging that the decedent had left a last will, duly executed, but that the same had been lost or destroyed since her death. He sought to establish a copy of the lost will as the last will of the decedent. The probate court denied the stay sought by Elsworth, but after a hearing on the matter, entered an order on May 5,1978, admitting the copy of the last will and testament to probate and record. Thereafter on June 6, 1978, Rini filed a document containing the following language in the Circuit Court of Mobile County:
IN THE MATTER OF THE ESTATE OF ALICE I. McCRARY, DECEASED
Now comes Cecelia T. Rini, who is a party to the contest of the probate of the Will of Alice I. McCrary, deceased, and by and through her attorney Arthur P. Clarke, and in writing makes demand that the Honorable John L. Moore, Judge of the Probate Court of Mobile County, Alabama, make and enter an order transferring the said contest to the Circuit Court of Mobile County, Alabama, in which county the contest of said will was pending.
Elsworth filed a motion to dismiss which was denied.
On January 29,1979, the court entered an order which read as follows:
This cause is submitted for decree on the Petition of Cecelia T. Rini by and through her attorney, Arthur P. Clarke, seeking to have the Court remove from the Probate Court of Mobile County, Alabama, the will of Alice I. McCrary, deceased, for further hearing and disposition, and upon consideration by the Court, it is ORDERED, ADJUDGED and DECREED that the will contest of Alice I. McCrary, deceased, the same be, and hereby is, ORDERED removed to the Circuit Court of Mobile County, Alabama, for further hearing and disposition, and that the Register is hereby directed to file a properly certified copy of this decree with the Judge of Probate Court.
Thereafter, all of the proceedings had in the probate court were transferred to the circuit court. A hearing was held after which the circuit court entered the following final order:
This cause having been set for trial October 30, 1979, and by agreement, the same was heard by the Court without a jury, and it appearing to the Court that the will contest of Alice I. McCrary, Deceased, having been removed from the Probate Court of Mobile County, Alabama by order of this Court dated January 29, 1979; and that after a lengthy hearing as to the validity of said alleged will, the Court took the matter under submission allowing the attorneys for all parties the opportunity to file briefs, and upon consideration by the Court, it is ORDERED, ADJUDGED and DECREED that no valid will exists in this cause, and that said cause should be returned to the Probate Court of Mobile County, Alabama, and that the costs in this cause be taxed to the Proponent, for which let execution issue.
Dated, January 9, 1980.
Elsworth appealed. We affirm.
Elsworth is correct in his assertion that in this state a will may be contested in two ways, before probate under the provisions of § 43-1-70, Code of Ala.1975, and after probate a contest may be instituted within six months from the date of issuance of letters testamentary under § 43-1-79, Code, “[and] one having the right, to contest a will may do so only once.” Cagle v. Reeves, 353 So.2d 787 (Ala.1977). However, any party aggrieved by the ruling in the probate court may appeal under § 12-22-21, which provides:
*955 Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or supreme court in the cases hereinafter specified. Appeals to the supreme court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified:
(1) From the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest.
In this case, Rini’s pleading filed in the circuit court, while not technically designated as an appeal, was so treated by the circuit court. Elsworth’s sole argument is that the circuit court lacked jurisdiction to hear the matter because it was not an appeal under this provision. We cannot agree. We are sympathetic with Elsworth’s argument that the same issue has been tried twice. However, there is nothing in the record before us to indicate that the equity jurisdiction of the probate court was invoked. That being the case, jurisdiction in the circuit court clearly attached.
We hold that the trial court did not commit error in denying the appellant’s motion to dismiss the proceedings in the circuit court. We are unimpressed with the argument that the pleading filed by Rini in the circuit court cannot be treated as an appeal from the final order of the probate court admitting the lost will to probate. It was filed within forty-two days of that order and was, hence, timely. We agree with the appellant that § 12-22-25, Code, provides that the appellant in such cases must give security for the cost of the appeal, but as he concedes, the filing of the security for cost is not a jurisdictional prerequisite. Downs v. Norris, 32 Ala.App. 381, 26 So.2d 418 (1946).
The judgment appealed from is affirmed.
AFFIRMED.
All the Justices concur.