TYSON, Judge.
This is an appeal from an order entered in a habeas corpus proceeding denying extradition of Bobby Ray Holmes to the State of Arkansas.
The Governor of Alabama issued a warrant for the appellee’s arrest in response to a requisition from the Governor of Arkansas.
Bobby Ray Holmes, an Alabama resident, was charged in Arkansas with the offense of “hot check violation,” pursuant to the applicable Arkansas statute. Bobby Ray Holmes filed a writ of habeas corpus and, at the hearing, the State offered in evidence the Arkansas requisition and supporting papers, together with the warrant of the Governor of Alabama.
Testimony indicated that the appellee wrote a total of four checks, which amounted to $18,620, for some boat trailers. Holmes stated that he had never been in Arkansas and that delivery to the payee was made through a driver.
I
Holmes contends that he is not, and never has been, a fugitive from the State of Arkansas. As noted in this court’s opinion in Tolbert v. State, 54 Ala.App. 381, 308 So.2d 740 (1975):
“Historically, to be a fugitive from justice, one had to be in the state where the crime was committed at the time of the commission. In Re Mohr, 73 Ala. 503 (1883); State v. Whitlock, 32 Ala.App. 560, 28 So.2d 172 [ (1946) ]. Appellant’s contention that she was never in Arkansas is not disputed by the State.”
In the case at bar, the testimony clearly established that Holmes had never been in the State of Arkansas, and this was not in dispute by either the State of Arkansas or the State of Alabama. The checks issued and written by this appellant were, as herein noted, delivered to the payee through a driver who made delivery of the trailers. Clearly, therefore, under Tolbert, supra, this appellant was not a fugitive from justice.
The State also contends, however, that the extradition of Holmes would be proper under either Code of Alabama 1975, § 15-9-30 or § 15-9-34.
Under § 15-9-30, the party must be a fugitive from justice in order to be extradited for an offense in the demanding *1271 state. Clearly, Holmes is not a fugitive within the meaning of this statute.
The State contends appellee should then be extradited pursuant to the provisions of § 15-9-34. The papers under which extradition is sought were based purely on an affidavit and information. Extradition under § 15-9-34 can be made only when the party is charged by indictment found in such state. This section is also controlled by this court’s prior opinion in Tolbert, supra.
As noted, this appellee had never been in Arkansas and, thus, is not a fugitive from justice and, among the papers forwarded through the Governor of Arkansas to the Governor of Alabama, no indictment was included. The charge was simply based upon affidavits and information. This is not legally sufficient.
The trial judge determined that the papers seeking to extradite this appellee were not in order and denied extradition. The trial court was absolutely correct.
We, therefore, need not reach the question of whether extradition was herein sought to enforce payment of a civil debt.
For the reasons herein shown, this cause is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.