138 So.2d 267

**Gurney Ray TUNSTILL**

v.

**STATE.**

**3 Div. 97.**

Court of Appeals of Alabama.

Feb. 13, 1962.

Gurney Ray Tunstill, pro se.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Tommy R. Ogletree, Legal Research Aide, Montgomery, for the State.

CATES, Judge.

This habeas corpus appeal raises mainly the question whether the State's not catch-

ing a parole violator voids or shortens his term by the time from breach until his return.

In 1950, Tunstill began an eight-year sentence. Paroled January 13, 1956, he was declared delinquent two weeks later. Code 1940, T. 42, § 12.

Seemingly, Tunstill remained at large until some time in 1960 when, on June 25, he plead guilty in his home county of Morgan to an indictment for forgery. On July 1, 1960, he was returned to Kilby Prison to serve a term of two years.

The circuit court found that, after Tunstill's serving two months and twenty days of this two-year forgery sentence, a "parole court," under § 12, supra, adjudged that he should start "serving the previous unexpired sentence." No certified copy of this order of the Pardon & Parole Board sitting as this court is in the record before us so that we are unable to determine precisely what part of the balance of the eight-year term they ordered him to serve out under § 12, supra, particularly the last sentence which reads:

"* * * The board shall within a reasonable time act upon such charges, and may, if it sees fit, require such prisoner to serve out in prison the balance of the term for which he was originally sentenced calculated from the date of delinquency or such part thereof as it may determine."

■ Regardless of any loose ends in the State's chain of title to Tunstill's involuntary servitude, it is obvious that on December 14, 1961, when the circuit court heard Tunstill's petition and the State's answer, he had not obeyed and endured the 1960 sentence for forgery.

■ This fact alone is enough without more to justify the refusal of the petition. Moreover, we entertain no doubt as to the right of the warden to keep him for whatever part of his original unserved eight-year sentence the board specified in its order as a parole court.

Speaking of the effect of paroles under the provisions of the 1896 Code (§§ 5461 and 5462), our Supreme Court, per McClellan, C. J., in Fuller v. State, 122 Ala. 32, 26 So. 146, 45 L.R.A. 502, said:

"* * * A parole, like every other pardon, is subject to rejection or acceptance by the convict. * * * if he elects to accept the parole, and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him. One of these conditions is that his sentence shall continue *in fieri*, and that the governor shall have the power to execute it * * * upon him should he forfeit the liberty and immunity conditionally secured to him * * *."

See also the able opinion of Mr. Justice Simpson (when serving on this court) in Summers v. State, 31 Ala.App. 264, 15 So. 2d 500.

Pinkerton v. State, 29 Ala.App. 472, 198 So. 157 (where the board attempted to revoke a parole where the aggregate time in and out had expired—there having been before expiry no delinquency determined under § 12), patently does not apply here. The section says, in part, "time owed shall date from such delinquency." This declaration acts as an interlocutory revocation of the parole.

■ Hence, we see no abridgement of any immunities which pertain of right. Therefore, the Fourteenth Amendment is not in anywise infringed by the matters shown on the record here. See Ughbanks v. Armstrong, 208 U.S. 481, 28 S.Ct. 372, 52 L.Ed. 582.

The judgment of the court below is

Affirmed.