152 So.2d 443

Glen T. MAGEE

v.

STATE.

3 Div. 130.

Court of Appeals of Alabama.
April 9, 1963.

Glen T. Magee, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment dismissing a petition for habeas corpus on motion of the Attorney General.

Magee, while in Kilby Prison for some unspecified felony, did something which led

**72**

to his subsequent indictment and conviction for destroying State property.

■ For this latter offense, Magee was again sentenced to two years imprisonment. Of the validity of this trial, he complains in his petition. His petition fails to show that the latter sentence had been put into execution by the warden.

·The petition was filed October 10, 1962; and, accordingly, under State v. Davis, 156 Ala. 181, 47 So. 182, his status as of that time was the only one before the circuit court on habeas corpus.

The Attorney General's motion contained as ground two the point that the petition would not apprise the warden of what he is to answer or deny.

A review of the petition convinces us that it is an attempt to appeal from the judgment of the Montgomery Circuit Court finding Magee guilty of destroying State property while in prison.

■ Though the trial judge noted that he took judicial notice of this latter matter, and by such notice applied Code 1940, T. 15, § 27, we prefer to rest our affirmance of his action upon the rule laid down in Phillips v. State, 40 Ala.App. 698, 122 So.2d 551, wherein it is held that habeas corpus is not available to review in vacuuo the cause of detention under a sentence which is prospective only.

Magee, in the premises of his petition, would "invoke" Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. For whatever purported comfort that case might have once afforded, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 1963, has left the holding in Darr v. Burford, as only an historical footprint.

■ Since judgments of habeas corpus do not make res judicata, we can see no denial of any fundamental rights in this proceeding.

The judgment of the court below is hereby

Affirmed.