227 So.2d 426

**STATE of Alabama**

**v.**

**Frank PEOPLES.**

**5 Div. 874.**

Supreme Court of Alabama.

Aug. 28, 1969.

Rehearing Denied Oct. 9, 1969.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

James D. Forstman, of Nicholson & Forstman, Birmingham, for appellee.

SIMPSON, Justice.

Peoples filed a petition for writ of habeas corpus in the Circuit Court of Elmore County seeking his release from the penitentiary. The petitioner and the State stipulated in pertinent part as follows:

The petitioner was convicted in the Circuit Court of Montgomery County for the offense of forgery on February 17, 1965, and was sentenced to 15 months in the penitentiary; he began serving this sentence on June 15, 1966 (having completed serving another sentence between the date of conviction for forgery and the date he began serving the 15 month sentence). On May 26, 1965, petitioner was convicted of the offense of escape and was sentenced to 13 months in the penitentiary on this charge, to begin at the expiration of the 15 month forgery sentence.

On March 15, 1967, petitioner was granted a parole by the Board of Pardons and Paroles on his forgery sentence. On July 13, 1967, petitioner was declared to be delinquent by the Pardon and Parole Board and a warrant for his arrest was issued by the State Board of Corrections on July 17, 1967.

A warrant charging petitioner with the offense of forgery was issued from the Jefferson County Criminal Court on July 13, 1967, and received by the sheriff of Jefferson County on July 14, 1967. The Jefferson County sheriff arrested petitioner and committed him to the Jefferson County jail on October 19, 1967, where he remained until April 4, 1968. The warrant for the arrest of Peoples as a parole violator was received by the Sheriff's Department of Jefferson County on October 27, 1967.

The forgery charge from Jefferson County was subsequently nolle prossed on April 4, 1968, and the sheriff of Jefferson County on that day made Peoples available to the Board of Pardons and Paroles. Peoples was returned to the Department of Corrections and Institutions on April 11, 1968, the date which Peoples began the completion of his sentences, according to the records of the State Board of Corrections. The parole of the petitioner for which detainer had been issued was revoked on May 15, 1968, by the Board of Pardons and Paroles.

Upon hearing the trial court granted the writ of habeas corpus and ordered the petitioner discharged from the custody of the respondent (Warden) on November 15, 1968, stating as reason therefor that "* * * under the laws of the State of Alabama a man serves time within and without the prison walls when placed on probation. Not allowing any time for the prisoner's time between his delinquency report of July 17, 1967 and the time that he was apprehended in October of 1967, and upon his apprehension by the Jefferson County authorities, and his being held in custody there although under another warrant but with the delinquency warrant in the hands of the Jefferson County authorities, the Court rules that the Pardon and Parole Board did not act within a reasonable time. Therefore the Court is going to give him credit for the time that he spent in the Jefferson County Jail on a charge for which he was not convicted * * *."

Obviously the holding of the court in granting the writ relates to its interpretation of Title 42, § 12, Code of Alabama. We cannot agree that the Pardon and Parole Board failed to act in this case within a reasonable time.

A careful calculation of the periods of time involved here indicates that Peoples has not served his consecutive sentences totaling 28 months even though the time spent in the Jefferson County jail is counted on these two sentences. This fact alone is enough to compel us to reverse the order granting the writ of habeas corpus. Additionally, we hold that the Pardon and Parole Board's action was in a "reasonable" and "practicable" time as those terms are used in Title 42, § 12, Code.—Tunstill v. State, 41 Ala.App. 516, 138 So.2d 267.

Reversed and remanded.

LIVINGSTON, C. J., concurs.

BLOODWORTH, J., concurs specially.

COLEMAN, J., concurs in opinion of BLOODWORTH, J.

BLOODWORTH, Justice (concurring specially):

I agree with that part of the opinion of Mr. Justice Simpson which states that the petitioner's sentences at the time of the habeas corpus hearing (November 15, 1968) had not expired even though petitioner is granted credit for the time spent in Jefferson County in jail. As I calculate it, if credit is given for the time spent in Jefferson County jail, petitioner's sentences had three more months to run. Therefore, I must reluctantly agree the case must be reversed since the trial court was in error in discharging the petitioner at that time. His petition was premature. However, I do not agree with the opinion of Simpson, J., wherein he states that the Parole Board's action in not returning the petitioner until April 11, 1968 was "reasonable" and "practicable" within the meaning of these terms in Title 42, § 12, Code of Alabama, 1940, as last amended. This section reads as follows:

"§ 12. Delinquent prisoners; parole courts.—Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the board at its next meeting shall declare such prisoner to be delinquent and time owed shall date from such delinquency. The warden of each prison shall promptly notify the board of the return of a paroled prisoner charged with violation of his parole. Thereupon, such board shall, as soon as practicable, hold a parole court at such prison or at such other place as it may determine, and consider the case of such parole violator, who shall be given an opportunity to appear personally or by counsel before such board and produce witnesses and explain the charges made against him. The board shall within a reasonable time act upon such charges, and may, if it sees fit, require such prisoner to serve out in

prison the balance of the term for which he was originally sentenced calculated from the date of delinquency or such part thereof as it may determine."

Under this section, the State Board of Pardons and Paroles is charged with the duty to hold parole court to consider delinquency charges against a prisoner on parole "as soon as practicable" after the Board is notified of the return of the paroled prisoner to prison. The warden is charged with the duty to promptly notify the Board of such return.

Although it is not clearly spelled out, I would interpret this section as requiring the prompt return of a prisoner to prison so that the Board (which has already declared the prisoner to be delinquent, an action which tolls the running of his sentence) may hold its hearing. The statute states the previous "time owed" to the State "shall date from" the declaration by the Board of a prisoner's delinquency.

Surely, the prisoner has a right under "due process" to have a prompt hearing at which time his, and the State's witnesses, may be heard, and to appear himself personally or by counsel, to "explain the charges made against him." Title 42, § 12, supra.

It seems to me in this case there was an unreasonable delay in returning this prisoner to the prison and that this unreasonable delay foreclosed action on the part of the Parole Board to hold its parole court "as soon as practicable" and to determine what action it should take respecting the alleged violations of the prisoner's parole. What is, or may be, a "reasonable" delay in returning a prisoner to the prison will depend, in my judgment, on the facts and circumstances of each individual case, such as if, and in whose custody, the prisoner is incarcerated, whether Federal or State, the charge on which he is being held, and other factors. Obviously, when the prisoner is on escape and his whereabouts are unknown, he could not then be returned.

In this case, the petitioner was declared delinquent by the State Board of Pardons and Paroles July 13, 1967. A warrant was then issued which was in the hands of the Jefferson County sheriff on October 27, 1967. Petitioner was incarcerated in the Jefferson County jail from October 19, 1967 to April 11, 1968 unable to make bond. The case was nolle prossed April 4, 1968. His parole was not revoked until May 15, 1968. It seems to me he should be given credit for the time in which he was incarcerated in the Jefferson County jail, in custody of an arm of the State of Alabama, and when he could have been returned to face parole court before the State Board of Pardons and Paroles.

COLEMAN, J., concurs in the opinion of BLOODWORTH, J.

On Rehearing.

PER CURIAM.

We are still of the opinion that the petition for habeas corpus was prematurely filed and the release of petitioner should have been denied by the trial court since petitioner had not completed service of his sentences at that time.

We do not undertake to state the amount of time petitioner should now be required to serve in order to complete serving his sentences, as this is not before us.

Under the circumstances of this particular case, we are of the opinion that petitioner is entitled to credit for the time he was a prisoner in the Jefferson County jail from October 27, 1967 to April 11, 1968. Thus, in fixing the remaining time he must now serve, the time he spent in Jefferson County jail should be counted as time served on his sentences.

The opinion on original deliverance and the special concurrence are modified to the extent herein expressed.

Opinion modified and extended.

Application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, BLOODWORTH and MADDOX, JJ., concur.