239 So.2d 332

**Nathaniel LAWYER**

v.

**STATE.**

**2 Div. 50.**

Court of Criminal Appeals of Alabama.

Sept. 15, 1970.

John A. Lockett, Jr., Selma, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., and Tabor R. Novak, Jr., Legal Research Aide, Montgomery, for the State.

CATES, Judge.

Appeal from denial of coram nobis by an indigent convict serving a life sentence.

The only point made on appeal is that Lawyer had no lawyer at hearings before the Pardon and Parole Board. These led to revocations of paroles on two separate occasions. See Code 1940, T. 42, § 12.

 The statute (§ 12, supra) provides no appeal from a parole court. Nor does it confer power on the Pardon and Parole Board when sitting as a parole court to appoint counsel for indigent prisoners.

At this writing the absence of this power is not a denial of due process or equal protection. A parole court is not an adversary proceeding. Dunn v. California Department of Corrections, 9 Cir., 401 F.2d 340. We do not construe the opinion of Bloodworth, J., in State v. Peoples, 284 Ala.

657, 227 So.2d 426, as indicating a contrary view.

Apart from the foregoing, we hold that the writ of error coram nobis is not a proper mode to review the proceedings of a parole court. Coram nobis is addressed to self-revisory powers of the conscience of the court where the conviction arose.

The judgment below is due to be

Affirmed.