310 So.2d 890

**Ex parte McBride MILLER.**

**2 Div. 143.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

McBride Miller, pro se.

No brief from the State.

CATES, Presiding Judge.

This is an original petition asking us to order the Board of Corrections to credit the petitioner with four months spent in the Pickens County jail before his conviction in two felony cases wherein judgment was rendered March, 1972.

From the petition it appears that petitioner anticipates that he will not be considered by the Pardon and Parole Board for parole at as early a date as he might if the credit had appeared on the mittimuses from the sentencing court.

 The offense (robbery) for which Miller says he is serving time carries a minimum sentence of ten years. Hence, as the law stood in 1972 at his sentencing no jail time credit was allowable on a minimum penitentiary term. Recent Act No. 58, March 10, 1975 was not retroactive.

Miller made no effort to seek relief in a circuit court. Habeas corpus is not available until the prisoner is entitled to *immediate* release. Phillips v. State, 40 Ala.App. 698, 122 So.2d 551—adhering to McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. See also Magee v. State, 42 Ala.App. 71, 152 So.2d 443.

Under Amendment No. 328 this court is appellate only—with writ jurisdiction auxiliary to matters in which it has appellate jurisdiction and in superintendence and control thereof.

Our basic business in the Court of Criminal Appeals involves appeals, writs of error and writs of error coram nobis. All else, e. g., injunction, habeas corpus, bail, extradition, mandamus, and prohibition revolve around the first category. Indeed, Amendment 328, § 603(c) denies in express terms original jurisdiction except in aid of appellate jurisdiction.[1]

This petition is

Denied.

TYSON and BOOKOUT, JJ., concur.

HARRIS and DeCARLO, JJ., not participating.

---

1. Any controversy over the future length of a sentence (after conviction and appeal barred by time) is between the prisoner and, either or both, the Board of Corrections and/or the Pardon and Parole Board. Before the prisoner becomes entitled to immediate release (as by way of habeas corpus) the only conceivable remedy would seem to be a civil action for a declaratory judgment. Under Act No. 58, supra, the clerk of the sentencing court (or the sheriff, in case of an escape) would seem to be an indispensable party. Such litigation could not be reviewed in this court, § 603(c), supra.