BOOKOUT, Judge,
dissenting:
I do not believe the trial judge erred in dismissing the instant petition for writ of habeas corpus without a hearing on May 18, 1981. On that date the trial judge had before him a petition which, on its face, would not support the issuance of the writ and the discharge of the petitioners whether or not a hearing was held. The petition states inter alia:
“Petitioner Gary Washington’s IGT release date was September of 1981, before his disciplinary, and petitioner William Baldwin’s IGT release date was October of 1982, before his disciplinary infrac-tion_”
Likewise, the petition alleges on its face that Baldwin is presently serving a forty-year sentence for second degree murder imposed “on or about August 1, 1975,” and that Washington is serving a fifteen-year sentence for forgery, burglary and grand larceny imposed “on or about December 19, 1977.” Therefore, the petition shows on its face that neither of the appellants was unlawfully restrained of their freedom at the time the trial judge ruled on the petition.
I recognize what is said in Williams v. Davis, supra, relied upon by the majority. It is true that our supreme court in that case held that denial of a petitioner’s “good time” credits could be reviewed by way of habeas corpus and that certain due process *65 requirements must be met in disciplinary proceedings. In that case the trial judge dismissed the petition for writ of habeas corpus on December 17,1979, after the petitioner Williams’s predisciplinary good time release date of August 19, 1979. However, co-petitioner Johnny Null had a prospective release date of June 11, 1980.
In Williams, supra, our supreme court, in affirming a part of the judgment which dismissed a § 1983 civil rights action, quoted from Preiser v. Rodriguez, 411 U.S. 475 at 487, 93 S.Ct. 1827 at 1835, 36 L.Ed.2d 439 (1973). In the Preiser case the United States Supreme Court stated that “recent cases have established that habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases.”
The above quotation is not cited by our supreme court as authority for issuance of the writ of habeas corpus, but is cited in that section of its opinion dealing with the § 1983 civil rights action. I am uncertain whether or not the panel of our supreme court which released the Williams opinion adopted the federal position as the new rule in Alabama for habeas corpus proceedings. If that is the court’s unequivocal decision, it is not clear in Williams and would certainly be a 180° change of direction on this issue. The federal courts have used the writ of habeas corpus over the years for a number of purposes which most of the states have not recognized.
I do not believe Williams directly addresses the instant issue and, therefore, I would hope that this issue would be settled conclusively by our supreme court on certiorari in the instant case, if the State has not already waived that writ by failing to file a brief at this stage of the proceedings. It appears that Williams indirectly (as applied to co-petitioner Null’s situation) does conflict with the long-established rule in this state that habeas corpus does not lie to challenge prospective detention. Magee v. State, 42 Ala.App. 71, 152 So.2d 443 (1963); Phillips v. State, 40 Ala.App. 698, 122 So.2d 551 (1960). To my knowledge it has always been the law in this state that a petition for writ of habeas corpus must show that the petitioner is presently restrained of his liberty illegally and is due immediate release on issuance of the writ. Ex parte Miller, 54 Ala.App. 590, 310 So.2d 890 (1975); Tunstill v. State, 41 Ala.App. 516, 138 So.2d 267 (1962).
Because the federal district courts use the writ of habeas corpus for a variety of purposes does not mean that this state must also accept such uses, even though the United States Supreme Court approves of such uses in the federal system. I do not understand Williams v. Davis, supra, as holding that Preiser, supra, applies to habeas corpus proceedings in a state court or that our supreme court has specifically adopted Preiser as the new law in this state. If our supreme court is going to require the circuit courts to review all prison disciplinary proceedings by way of habeas corpus, even though the petitioners are not due for release and are serving valid sentences when the petition is filed, that mandate should be spelled out more clearly than it is in Williams v. Davis, supra. I therefore respectfully dissent.