PATTERSON, Retired Appellate Judge.
George Thomas filed a petition for a writ of habeas corpus contesting the calculation by the Alabama Department of Corrections (“the Department”) of his release date from prison, i.e., the amount of time remaining on his sentences.
At issue is whether Thomas is due to be credited 8 months and 28 days to the service of his sentences. The following facts were established in the record. While on parole serving a sentence for an Alabama conviction, Thomas was allowed to reside in California under the supervision of California authorities, pursuant to the Interstate Compact for the Supervision of Parolees and Probationers, § 15-22-1, Ala. Code 1975. However, the Alabama Board of Pardons and Paroles (“the Board”) declared him delinquent on September 28, 1992. Pursuant to that delinquency declaration, he was incarcerated in California on the same date.[1] He was returned from California to the custody of the Department on June 26, 1993. A parole-revocation hearing was held on July 13, 1993. The Board member presiding over the hearing recommended, “Reinstated to a satisfactory program.” The Board ordered “[t]hat the order of delinquency is void and inmate is reinstated on parole.” More than five years’ later, the Department classified the time Thomas served between the 1992 declaration of delinquency (September 28, 1992) and California’s transfer of him to the Department (June 26, 1993) as “dead time,” for which Thomas would not be credited. The Department stated, “Even though Inmate Thomas was reinstated and continued on parole, he is not entitled to credit from his delinquency date to the date returned from California to the Department of Corrections.”
The question of credit for Thomas’s service of time from the delinquency declaration to his return to the Department, i.e., credit for the time he was incarcerated in California, is still pertinent because Thomas is incarcerated for the remainder of his sentences[2] pursuant to a subsequent revocation of parole. He claims that, if he is entitled to this credit, he is due to be released immediately.
Upon these facts, the circuit court granted Thomas’s petition, ordering the Department to credit 150 days[3] to the service of Thomas’s sentences. Its order states, in part:
“Petitioner contends that he is entitled to credit for the time he was held in California as a result of a warrant issued for his arrest pursuant to the delinquency by the State of Alabama. He was incarcerated in California as a result of the delinquency petition; there was no other charge issued by the State of California. The State of Alabama alleged that he is not entitled to credit for the time he was incarcerated in California. The Court having considered the same *106 finds that there is nothing that supports the Respondents’ contention that petitioner is not entitled to credit for time served as a result of the delinquency filed by the State of Alabama, although said time was served in California awaiting extradition. The Court, therefore, is of the opinion that petitioner is entitled to credit for the time spent incarcerated in the State of California as a result of the delinquency petition filed by the State of Alabama....”
In this appeal, the attorney general raises the following issue:
“Is an Alabama inmate who has been paroled by the Board ... entitled to ‘jail credit’ for time incarcerated in another state which held the inmate upon the demand of the ... Department ... after the inmate was declared delinquent by the ... Board?”
This statement of the issue, however, ignores a critical fact: upon hearing the revocation petition, the Board ruled that the order of delinquency was void, and it reinstated Thomas to parole. Thus, the question is broader: whether a parolee is entitled to credit for all time served between the declaration of delinquency and the Board’s order voiding that delinquency declaration and reinstating parole. This appears to be an issue of first impression in Alabama.
In addressing this issue in our review of the circuit court’s ruling, we start with § 15-22-32, which stated, at the time pertinent to these proceedings:
“Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the Board ..., at its next meeting, shall declare such prisoner to be delinquent, and time owed shall date from such delinquency. The warden of each prison shall promptly notify the board of the return of a paroled prisoner charged with violation of his parole. Thereupon, such board, or a single member of such board, shall, as soon as practicable, hold a parole court ... and consider the case of such parole violator, who shall be given an opportunity to appear personally or by counsel before such board and produce witnesses and explain the charges made against him. The board shall, within a reasonable time, act upon such charges and may, if it sees fit, require such prisoner to serve out in prison the balance of the term for which he was originally sentenced, calculated from the date of delinquency or such part thereof as it may determine; however, the delinquent parolee shall be deemed to have begun serving the balance of the time so required on the date of his rearrest as a delinquent parolee.”
The attorney general discussed the application of this statute in an attorney general’s opinion, as follows:
“Federal and state courts have held that when a parolee is declared delinquent, such declaration acts as an ‘interlocutory revocation of parole,’ which means that the parolee’s time stops running until there is a revocation hearing and a decision by the Parole Board on whether to revoke parole. Tunstill v. State, 41 Ala.App. 516, 138 So.2d 267 (1962); Ivy v. State, 381 F.Supp. 503 (S.D.Ala.1974).
“... As soon as the Parole Board holds a hearing on the delinquency charge, the Board may require the prisoner to serve out the balance of his original sentence. Pursuant to Section 15-22-32, this balance would be calculated from the date upon which the delinquent parolee was rearrested as a parole violator.
“The Parole Board may also find that the prisoner was not delinquent and may, pursuant to Code of Alabama 1975, *107 reinstate him to 'parole. In this situation, the prisoner would be deemed to have had continuous service during the time he loas held as a delinquent.”
178 Ala. Op. Att’y Gen. 32 (1980) (emphasis added).
In 34 Ala. Op. Att’y Gen. 17 (1944), the attorney general likewise interpreted the predecessor to § 15-22-32: Tit. 42, Sec. 12, Ala. Code 1940, which in all material aspects is identical to § 15-22-32, except that it does not contain the final clause of § 15-22-32 (i.e., “however, the delinquent parolee shall be deemed to have begun serving the balance of the time so required on the date of his rearrest as a delinquent parolee”). The attorney general was presented with the following questions:
“[W]hether or not one, who has been paroled, declared delinquent, and after a hearing on delinquency is reinstated, loses credit for service of the time between the declaration and the reinstatement. Is the reinstatement retroactive insofar as credit on sentence is concerned?”
The attorney general answered that such a parolee “does not lose credit for service of the time between the declaration of delinquency and the reinstatement of his parole.” The attorney general explained, as follows:
“Although the first sentence of the [statute] authorizing the issuance of a declaration of delinquency provides that the time owed by the prisoner ‘shall date from such delinquency,’ this section by further providing for a hearing to determine whether the prisoner was in fact delinquent and by authorizing the Board ... to require the prisoner to serve in prison the balance of the term for which he was sentenced calculated from the date of delinquency, or such portion of the term as it may determine, indicates that the Legislature intended such forfeiture to be effective as of the date of the declaration of delinquency only upon a finding of fact that the prisoner was actually delinquent. Thus the term ‘time owed shall date from such delinquency’ contemplates a determination of actual delinquency at the hearing.
“Therefore, when the Board ..., having determined that a parolee had no intention of violating the conditions of his parole, or in fact had not done so, reinstates his parole, he is in the same status as if the declaration of delinquency had never been made, and he loses no credit for service of time.”
(Emphasis added.)
“We recognize that ‘[w]hile an opinion of the attorney general is not binding, it can constitute persuasive authority.’ ” State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App.2001) (quoting Alabama-Tennessee Natural Gas Co. v. Southern Natural Gas Co., 694 So.2d 1344, 1346 (Ala.1997)). The two opinions of the attorney general discussed here constitute “persuasive authority” in the resolution of the issue before us. Although it contains some notations that have no clear meaning to this court, the form indicating the action taken by the Board in Thomas’s case clearly states the recommendation of the Board member presiding over the parole-revocation hearing: “Reinstated to a satisfactory program.” Even more impressive is the Board’s order: “That the order of delinquency is void and inmate is reinstated on parole.... ” “Void” means “[o]f no legal effect; null.” Black’s Law Dictionary 1568 (7th ed. 1999). “Reinstate” means “[t]o place again in a former state or position; to restore.” Id. at 1290. We construe this order as nullifying the declaration of delinquency and restoring Thomas to parole, as if there had never been a declaration of delinquency. Because the delinquency declaration is now a nullity, the time Thomas *108 spent incarcerated in California pursuant to that declaration should be credited to him.
To hold otherwise could raise questions of constitutional dimension. For example, the Texas Court of Criminal Appeals in Ex parte Canada, 754 S.W.2d 660 (Tex.Crim.App.1988), declared that the parolee’s “right of due course of law” under the Texas Constitution was violated by a statute giving the Texas Board of Pardons and Paroles the discretion to grant or to deny credit to a parolee for the time he or she was incarcerated pursuant to a parole-violator warrant when the parole is ultimately formally continued. Analogizing the time confined while awaiting a parole-revocation decision to the time confined pending an appeal, the court explained:
“The denial of time credit to the defendant who is appealing his conviction constitutes an infringement of his constitutional right to freely exercise his right of appeal. Robinson v. Beto, [426 F.2d 797 (5th Cir.1970) ]. Similarly, the discretionary authority to deny time credit to the parolee awaiting revocation constitutes a ‘punitive policy ...,’ Pruett v. Texas, [468 F.2d 51,] 56 [(5th Cir.1972), aff'd and modified in part, 470 F.2d 1182 (5th Cir.), aff'd, 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973) ], that may chill the parolee’s decision to exercise his constitutional right to a pre-revocation hearing. This is so because the parolee who waives his right to a hearing and his parole is revoked will immediately begin to accrue time toward the completion of his sentence. Article 42.18, § 15(a), [Tex. Code Crim. Proc. Ann.].”
754 S.W.2d at 667-68. See also Ex parte Price, 922 S.W.2d 957 (Tex.Crim.App.1996).
Moreover, to deny credit to the parolee whose delinquency declaration is voided and whose parole is reinstated is most illogical. A parolee found innocent of a parole violation might not be credited with continuous service of his sentence, as was the case here, while one whose parole is revoked upon the Board’s finding of a parole violation would earn credit for time served between arrest and revocation.
It is without question that Thomas’s incarceration in California was solely pursuant to the request of Alabama authorities and that a detainer was lodged against him. Because the order of delinquency is now a nullity, Thomas is in the same status as if the declaration of delinquency had never been made, and he loses no credit for service of time. He is “deemed to have had continuous service during the time he was held as a delinquent.” 178 Ala. Op. Att’y Gen. 32.
Accordingly, the circuit court was correct in holding that Thomas is to be credited with the time he was incarcerated. However, we agree with Thomas that the circuit court erred in ordering that he be credited with having served only 150 days. It is unclear why the court specified that particular amount. We need not remand for an explanation, however, because whether he is credited with 150 days or more, Thomas is due to be released immediately.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

.Thomas provided in his pleadings the date of his incarceration in California. The Alabama Department of Corrections did not refute this date. Thomas further asserted, without contest, that upon his arrest the California parole officer placed a detainer against him for delinquency of parole.

. Thomas is presently serving two consecutive sentences. After being reinstated on parole in 1993, Thomas was convicted and sentenced for another offense.

. We do not know how the circuit court arrived at 150 days as the amount of time to credit Thomas.